**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **BRANDON RICHARD LIND,** | : |
| | : |
| **Petitioner,** | : |
| | : |
| **V.** | :     **NO. 5:25-cv-00324-TES-CHW** |
| | : |
| **STATE OF GEORGIA,** | : |
| | : |
| **Respondent.** | : |
| _____ | : |

## <u>ORDER</u>

Petitioner Brandon Richard Lind has filed a handwritten document, which has been docketed in this Court as a 28 U.S.C. § 2254 petition for a writ of habeas corpus but is not on the form for a § 2254 petition. Petitioner is hereby **ORDERED** to refile his petition on the proper form if he wants to proceed with this action.[1]

Petitioner must complete the enclosed § 2254 form in full, including all information regarding how and when he exhausted state remedies. Petitioner is reminded that "a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citations omitted); 28 U.S.C. § 2254 (b)-(c). To exhaust state remedies, a petitioner must present every claim raised in his federal petition to the state's highest court, either on direct appeal or on collateral review. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). If Petitioner has not exhausted his state remedies, this case may be dismissed.

---

[1] In light of this order, Petitioner's pending motion for leave to file an amended complaint (ECF No. 4) is **DENIED AS MOOT**.

Petitioner has also filed a motion for leave to proceed in this action *in forma pauperis*.  ECF No. 2.  This motion is on a form from the Supreme Court of Florida and does not include all of the information necessary to consider his motion.  *See id.* Therefore, Plaintiff is also **ORDERED** to complete this Court's form application requesting leave to proceed *in forma pauperis*, which must include "the affidavit required by 28 U.S.C. § 1915, and a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the [prison]."   Habeas Corpus R. 3(a)(2).

Finally, Petitioner has filed a motion to appoint counsel, asserting only that he is indigent.  ECF No. 5.  Generally, there is no right to legal representation in a federal habeas corpus proceeding.  *Wright v. West*, 505 U.S. 277, 293 (1992).  Appointment of counsel is required in a habeas action if counsel is necessary for effective utilization of discovery procedures or if an evidentiary hearing is required.   *See* Rules Governing § 2254 Cases, Rules 6(a) and 8(c).  Appointed counsel is also required if the petitioner is a death row inmate pursuing federal habeas corpus relief.   *See, e.g., McFarland v. Scott*, 512 U.S. 849, 854 (1994).  At present, it does not appear that appointed counsel is required or is otherwise appropriate.  Therefore, Petitioner's motion (ECF No. 4) is **DENIED**.  If it becomes apparent at some point later in these proceedings that counsel should be appointed for Petitioner, the Court, **<u>on its own motion</u>**, will consider assisting him in securing legal counsel at that time.   There is no need for Petitioner to file additional requests for counsel.

In conclusion, Petitioner's motion for appointed counsel is **DENIED**, and Petitioner is **ORDERED** to complete **IN FULL** the attached § 2254 form.   He is also **ORDERED**

to file a new application requesting leave to proceed *in forma pauperis*, which must include the required affidavit and a certificate "showing the amount of money or securities that [he] has in any account in the [prison]."   Petitioner shall have **FOURTEEN (14) DAYS** from the date shown on this Order to comply, and his failure to do so may result in the dismissal of this action.

The Clerk of Court is **DIRECTED** to forward the appropriate § 2254 petition and *in forma pauperis* forms (all showing this civil action number) to Petitioner along with a copy of this Order.

**SO ORDERED and DIRECTED**, this 5th day of September, 2025.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge