**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **BRANDON RICHARD LIND,** | : | |
| | : | |
| **Petitioner,** | : | |
| | : | |
| **V.** | : | **NO. 5:25-cv-00324-TES-CHW** |
| | : | |
| **STATE OF GEORGIA,** | : | |
| | : | |
| **Respondent.** | : | |
| | : | |

## ORDER OF DISMISSAL

Petitioner Brandon Richard Lind filed a handwritten document, which was docketed in this Court as a 28 U.S.C. § 2254 petition for a writ of habeas corpus. ECF No. 1. Because this document was not on the form for a § 2254 petition, the United States Magistrate Judge ordered Petitioner to refile his petition on the proper form if he wanted to proceed with this action. ECF No. 7. The Magistrate Judge also ordered Petitioner to complete this Court's application for leave to proceed *in forma pauperis*. *Id.*

The Magistrate Judge gave Petitioner fourteen days to file his recast petition and new motion to proceed *in forma pauperis* and cautioned him that his failure to do so may result in the Court dismissing this case. *Id.* More than fourteen days passed after the Magistrate Judge entered that order, and Petitioner did not submit a recast petition or a new motion to proceed *in forma pauperis*. Moreover, Petitioner did not otherwise respond to the Court's order.

Therefore, the Magistrate Judge ordered Petitioner to show cause why this case

should not be dismissed based on his failure to file a recast petition and new motion to proceed *in forma pauperis*. ECF No. 8. The Magistrate Judge gave Petitioner another fourteen days to respond and cautioned him that his failure to do so would likely result in the Court dismissing this case. *Id.*

More than fourteen days have passed since the Magistrate Judge entered the show cause order, and Petitioner has not responded to that order or otherwise communicated with the Court. Because Petitioner has failed to comply with the Court's orders or to otherwise prosecute this case, the Court now **DISMISSES** the petition **WITHOUT PREJUDICE**. *See* Fed. R. Civ. P. 41(b); *Brown v Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) (first citing Fed. R. Civ. P. 41(b); and then citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)) ("The [C]ourt may dismiss an action sua sponte under Rule 41(b) for failure to prosecute or failure to obey a court order.").

**SO ORDERED**, this 11th day of December, 2025.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**